# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

Craig S. Primis, P.C.
To Call Writer Directly:
+1 202 389 5921
craig.primis@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

October 20, 2020

**Via E-mail**

The Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

   Re: *Garrett Motion Inc. v. Honeywell International Inc.*,
       Adv. Proc. No. 20-01223 (MEW)

Dear Judge Wiles:

   I write in response to Garrett's letter of October 16, 2020 concerning the motion to dismiss that Honeywell International Inc. and its affiliates and officers (collectively, "Honeywell") have filed in this adversary proceeding. Honeywell filed its motion only after learning that Garrett does not intend to file its amended complaint in the timeframe ordered by the New York state court prior to removal (even after accounting for the 60-day extension of time provided by Section 108 of the Bankruptcy Code). Instead, as Garrett informed Honeywell on October 8, 2020 and has now informed the Court, it intends to stand on the complaint it removed from state court "as is," and now seeks to spend the next four months taking discovery on the defective claims asserted in that original complaint. Honeywell's motion is procedurally proper, timely, and should be decided now because Garrett has no right to move forward on legally meritless claims without providing Honeywell an opportunity to challenge them.

   Garrett asserts that the Court should reject Honeywell's motion because it "violates the terms of a September 17 stipulated scheduling order." That is incorrect. The New York state court's September 17, 2020 order required only that Garrett file an amended complaint by September 30, 2020 and that Honeywell then respond on or before November 16, 2020 in accordance with an agreed-upon briefing schedule. There is no provision in the order barring Honeywell from renewing its motion to dismiss, particularly if Garrett refuses to meet its own obligation to file an amended complaint by the court-ordered deadline. Indeed, in a prior stipulated order, Honeywell agreed to withdraw its motion to dismiss ***without prejudice*** and only in reliance on Garrett's agreement to timely file an amended complaint. *See* Ex. A (6/18/20 Stipulation and Proposed Order, at ¶ 1). Although Section 108(b) of the Bankruptcy Code extended the time for Garrett to file its amended complaint to November 19, 2020, Garrett made clear its intention to ignore that extended deadline as well. Thus, far from Honeywell violating a court order, it was Garrett who made clear after removal that it will not comply with court- and statutorily-imposed deadlines to amend its complaint.

**KIRKLAND & ELLIS LLP**

The Honorable Michael E. Wiles
October 20, 2020
Page 2

As an apparent fallback position, Garrett asserts that Honeywell's motion was untimely under Federal Rule of Civil Procedure 81(c)(2) because it was not filed within seven days of removal, *see* Ltr. at 2 n.2, but that argument also misses the mark. The September 17, 2020 scheduling order entered in New York state court remained in effect following removal, *see* 28 U.S.C. § 1450, and tolled any deadline for Honeywell to file a motion to dismiss pending Garrett's filing of an amended complaint. And in all events, Rule 81(c)(2) by its terms applies only to a "defendant who did not answer before removal." It is thus not clear that the Rule even applies here at all because Honeywell already filed a motion to dismiss before removal and was under no obligation to file it again immediately after removal. *See* Fed. R. Civ. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

Apart from its procedural arguments, Garrett also asserts that Honeywell's motion is "premature because it seeks to adjudicate piecemeal the validity of Honeywell's alleged claims against the estates." That characterization is hardly accurate given the nature of this adversary proceeding. It was ***Garrett*** that commenced this litigation nine months ago in an effort to eliminate its payment obligations to Honeywell. Honeywell has now asked the Court to rule on the merits of those claims, which fail as a matter of law because Garrett does not and cannot allege that it was insolvent at the time of the spin-off and because Garrett has no other valid basis for escaping its contractual obligations. Garrett has given every indication that it will continue to press the same defective legal theories in any amended complaint it may file as well as in discovery that it intends to pursue over the next four months. Resolving Honeywell's motion now will streamline the remainder of these proceedings or bring them to an early conclusion.

Garrett's only real argument for further delay is that it purportedly needs four more months to "judiciously [] investigate additional claims" it may bring against Honeywell, including potential avoidance claims under the Bankruptcy Code. But there is no need to put off resolving Honeywell's motion to dismiss Garrett's state law claims based on Garrett's speculation about what its investigation might reveal. That investigation may very well yield no additional claims to pursue and, in the meantime, the parties should not waste four months litigating Garrett's existing claims that are foreclosed as a matter of law.

Honeywell's motion to dismiss was properly filed and Garrett should file any opposition thereto by November 12, 2020, in advance of the November 18, 2020 return date. We look forward to discussing these matters with the Court at the October 22, 2020 status conference or at the Court's convenience.

                                                                                      Respectfully submitted,

                                                                                      /s/ Craig S. Primis

                                                                                      Craig S. Primis, P.C.

# EXHIBIT A

20-01223-mew    Doc 11    Filed 10/20/20    Entered 10/20/20 15:09:17    Main Document
Pg 3 of 6

FILED: NEW YORK COUNTY CLERK 06/22/2020 11:11 AM
NYSCEF DOC. NO. 48
INDEX NO. 657106/2019
RECEIVED NYSCEF: 06/22/2020
20-01223-mew    Doc 11    Filed 10/20/20    Entered 10/20/20 15:09:17    Main Document
Pg 4 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

| | |
|---|---|
| GARRETT MOTION INC. and GARRETT ASASCO INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC., HONEYWELL ASASCO LLC, HONEYWELL ASASCO 2 LLC, HONEYWELL HOLDINGS INTERNATIONAL INC., SU PING LU, and DARIUS ADAMCZYK, <br><br> *Defendants*. | Index No. 657106/2019 <br><br> IAS Part 53 <br><br> Hon. Andrew S. Borrok <br><br> Stipulation and [~~Proposed~~] Order <br><br> (Mtn Seq 003) |

  **WHEREAS** Plaintiffs Garrett Motion Inc. and Garrett ASASCO Inc. filed a Complaint against Defendants Honeywell International Inc., Honeywell ASASCO LLC, Honeywell ASASCO 2 LLC, Honeywell Holdings International Inc., Su Ping Lu, and Darius Adamczyk on January 15, 2020; and

  **WHEREAS** pursuant to a so-ordered stipulation of the parties, NYSCEF Doc. No. 26, Defendants' motion to dismiss was due on or before March 5, 2020; Plaintiffs' response to the motion to dismiss was due on or before April 24, 2020; and Defendants' reply was due on or before May 15, 2020; and

  **WHEREAS** Defendants filed their motion to dismiss on March 5, 2020, NYSCEF Doc. No. 32, and, pursuant to a so-ordered stipulation of the parties, NYSCEF Doc No. 41, Plaintiffs' response to the motion to dismiss was due on or before June 8, 2020 and Defendants' reply was due on or before July 8, 2020; and

FILED: NEW YORK COUNTY CLERK 06/22/2020 11:11 AM
NYSCEF DOC. NO. 48

20-01223-mew    Doc 11    Filed 10/20/20    Entered 10/20/20 15:09:17    Main Document
                                       Pg 5 of 6

INDEX NO. 657106/2019
RECEIVED NYSCEF: 06/22/2020

**WHEREAS** the parties previously stipulated to a revised briefing schedule, NYSCEF Doc. No. 45, pursuant to which Plaintiffs' response to the motion to dismiss was due on or before June 22, 2020 and Defendants' reply was due on or before July 22, 2020; and

**WHEREAS** Defendants have agreed to withdraw their pending motion to dismiss, NYSCEF Doc. No. 32, without prejudice, and the parties have negotiated a schedule for Plaintiffs to file an amended complaint; and

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that:

1. Defendants hereby withdraw their motion to dismiss, NYSCEF Doc. No. 32, without prejudice; and

2. Plaintiffs shall file their amended complaint on September 15, 2020; and

3. Defendants shall file their response to the amended complaint on or before October 30, 2020; and

4. If Defendants file a motion to dismiss in response to the amended complaint, Plaintiffs shall file their opposition brief on or before December 15, 2020; and

5. If Defendants file a motion to dismiss in response to the amended complaint, Defendants shall file their reply brief on or before January 15, 2021.

| **KIRKLAND & ELLIS LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| /s/ *Ronald K. Anguas, Jr.* | /s/ *Michael B. Carlinsky* |
| Craig S. Primis, P.C. | Michael B. Carlinsky |
| Erin C. Johnston, P.C. | Jeremy Baldoni |
| Ronald K. Anguas, Jr. | 51 Madison Avenue, 22nd Floor |
| 1301 Pennsylvania Avenue, N.W. | New York, New York 10010 |
| Washington, D.C. 20004 | (212) 849-7000 |
| Tel: (202) 389-5200 | michaelcarlinsky@quinnemanuel.com |
| Fax: (202) 389-5000 | jeremybaldoni@quinnemanuel.com |
| craig.primis@kirkland.com | |
| erin.johnston@kirkland.com | Michael Liftik |
| ronald.anguas@kirkland.com | 1300 I Street NW Suite 900 |
| | Washington, D.C. 20005 |

Rachel M. Fritzler
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
rachel.fritzler@kirkland.com

*Attorneys for Defendants*

SO ORDERED:

Dated: June 18th, 2020

(202) 538-8000
michaelliftik@quinnemanuel.com

Matthew Scheck
865 Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3190
matthewscheck@quinnemmanuel.com

*Attorneys for Plaintiffs*

_____
Hon. Andrew S. Borrok, J.S.C.

657106/19